State v. West

STATE OF NORTH CAROLINA v. GEORGE GRAHAM WEST

No. 716SC475

(Filed 14 July 1971)

Criminal Law § 76— in-custody inculpatory statements — admissibility

The admission of defendant's inculpatory in-custody statements was proper, where the trial court made findings of fact, supported by competent evidence, that the statements were freely, voluntarily, and knowingly made.

ON Writ of *Certiorari* to review a judgment of *McKinnon, J.,* 12 October 1970 Session of Superior Court held in HERTFORD County.

Defendant was charged with burglary and felonious larceny. Upon the call of the case the solicitor announced that the State would not seek a verdict of first degree burglary, but would seek a verdict of guilty of felonious breaking and entering and felonious larceny. The defendant, represented by court-appointed counsel, pleaded not guilty. The State's evidence, in part, tended to show the following. On the morning of 11 July 1970 at some time prior to 6:15 a.m. the defendant unlawfully entered a dwelling in Ahoskie occupied by Mr. and Mrs. Louis Evans. He took a cup containing pennies and a pocketbook containing $104.00 which he found in the house. From the Evans residence he proceeded across the road to the rear of a service station where he went through the pocketbook and took what cash he could find, leaving the pocketbook, cup and other articles there where they were later found by the officers. Defendant then went across a cornfield to another service station on U. S. Highway No. 13. About daybreak he was observed by a deputy sheriff. Defendant was muddy and wet from the waist down. Other officers were called and the defendant was taken to the Ahoskie Police Station where he was questioned. He gave a statement substantially in accord with the foregoing. The jury returned for its verdict "that the defendant is guilty of felonious breaking and entering and guilty of felonious larceny." A sentence of not less than five (5) nor more than ten (10) years was imposed. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General I. Beverly Lake and Staff Attorney Ronald M. Price, for the State.*

*Jones, Jones and Jones by Carter W. Jones and L. Bennett Gram, Jr. for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the court erred in admitting inculpatory statements purportedly made by him while he was in custody. After defendant objected to testimony relating to the statements made by him, a *voir dire* hearing was held and both the defendant and the State offered evidence. Although the evidence was conflicting, there is an abundance of evidence tending to show that defendant's alleged statements to the investigating officers were freely, voluntarily and knowingly made. The court made findings of fact, based on such evidence, which support its conclusions as to the admissibility of defendant's statements. *State v. Jones,* 278 N.C. 88, 178 S.E. 2d 820. The defendant's several assignments of error which stem from the admission of defendant's statements into evidence are overruled.

We have carefully considered the other assignments of error dutifully brought forward by defendant's court-appointed counsel and the same are overruled.

No error.

Judges BROCK and GRAHAM concur.